In the Matter of the Assignment of THOMAS C. RIDER, to EDWARD P. MAGOUN.

*County Court—when it cannot set aside, on a motion, a sale made by an assignee— what orders of, are appealable to the General Term—when a judicial sale will not be set aside.*

A County Court has no power to set aside, on motion, a sale made by an assignee for the benefit of creditors, on the ground that the price paid was insufficient, and that a better one can be obtained.

*Semble*, that, upon the accounting of the assignee, the County Court could charge him with any loss occasioned by his wrong-doing in making a sale at an inadequate price.

An order of the County Court, setting aside such a sale on a motion, is appealable to the General Term.

The circumstances under which a court will not set aside a judicial sale considered.

APPEAL by Henry A. Ashley, the purchaser of a portion of the assigned real estate of Thomas C. Rider, the above named assignor, from an order of the County Court of Columbia county, made March 10, 1880, vacating and setting aside the sale of that portion of the assigned real estate, consisting of about one hundred and nineteen acres, purchased by the appellant, Ashley, at the assignee's sale thereof at public auction, had May 12, 1879; and also setting aside all subsequent proceedings therein, including the deed given by said assignee to said appellant, dated May 13, 1879, and recorded in Columbia county clerk's office on the same day, and ordering a re-sale thereof by said assignee, in the manner, at the time and upon the conditions prescribed in the said order.

*Cadman & Hoysradt*, for Henry A. Ashley, appellant.

*Gerrit S. Collier*, for Thomas C. Rider, respondent.

BY THE COURT:

*First.* The respondent insists that this order is not appealable, and cites several cases in the Court of Appeals. But those cases do not apply. There are many orders which cannot be appealed to that court, which may be appealed to this court from a Special Term. And the same is true of orders of the County Court, (Code Civ. Pro., § 1342; see L. 1878, ch. 318, § 6, amending L. 1877, ch. 466.) It is true that this court will not review certain orders which rest solely in discretion and affect no rights. But the present order is not of that kind. It affects a substantial right; for it takes away the real estate of Ashley, the appellant, more effectively than would a judgment in ejectment. We do not doubt that the order is appealable.

*Second.* This is the more evident because, in our judgment, the County Court had no power to make such an order. Judicial sales are such as are made by the authority of a court. Over such sales, as a general rule, the court which makes them has control. The act of the officer who makes them often requires, and probably is always subject to, the approval of the court which confers his power. But the sale made by this assignee was not a judicial sale. He sold by virtue of his power in trust; and the purchaser

obtained the title of the original owner through that power. It was said, on the argument, that a court of equity exercises, over sales by trustees of express trusts, such a summary power as was exercised by the County Court in this case. We are not aware of any such power. Undoubtedly a court of equity would have jurisdiction of a regular action, brought to set aside a fraudulent sale made by the trustee of an express trust in collusion with a purchaser. But that is not the present case. Here the County Court has set aside, on motion, a sale made by an assignee for the benefit of creditors, on the ground that a better price can be obtained. The County Court has, in short, exercised the power which it would have had over a judicial sale made by its officer. We see nothing in the statute (L. 1877, ch. 466, § 25, amended by L. 1878, ch. 318) giving such a power. Very possibly, on the accounting of the assignee, the County Court can charge him for loss to the estate by wrong-doing in making the sale, if any such wrong-doing existed. But the purchaser has acquired a title to the land, not by the authority of the County Court, but by the power of sale in the assignment. The County Court cannot deprive him of this title by any such order as was made in this case.

*Third.* But, passing the question of jurisdiction, the order should not have been made, even if this had been the case of a judicial sale. Some ten months had elapsed since the sale; during all which the assignor, who now applies for the order, had full knowledge of the facts. He was present at the sale, and subsequently surrendered possession to the purchaser. He is guilty of laches.

Again, there is nothing to show that the purchaser did not act in perfect good faith. He has gone upon the property and has made improvements thereon; and at this length of time it might be difficult to compensate him for the injury which he would suffer by having his land taken from him and by being compelled to remove therefrom.

Again, since the sale, the value of the land may have risen. This is probable, both from the making of this motion, and from the increased prosperity of the country. To that increase the purchaser is entitled.

Again, the price which the assignor claims may be obtained is not a sufficient increase over the price at the former sale to justify the order. When to the purchase price we add the judgment on the premises which the purchaser was obliged to discharge; the improvements which he has put on the property; the expense of a re-sale; the costs of this motion; the expenses which will be caused to the purchaser by taking away his land at this time; the interest which he has paid on the mortgage; even if we deduct therefrom whatever profits it shall appear that he has received, we shall find that the probable benefits to be derived from a re-sale is not enough to make such a re-sale expedient, under the practice of a court of equity on this subject.

And it must further be observed, that it is for the public good that such sales as this, where no fraud is charged on the purchaser, should not be readily set aside. Men would be reluctant to bid at such a sale (especially where the property sold was a farm), if a purchase, made in good faith, might be set aside, after a year's possession and enjoyment, and the expenditure of labor and money, on the ground that the farm did not sell for its full value. Men often attend such sales in the hope of making a good bargain; and they may rightfully do so, when there is no fraud, and the sale is conducted fairly. This hope is valuable, to induce men to attend, and thus to produce competition. And, therefore, the court should be careful to do nothing which would deter, in the future, attendance and competition at similar sales. Great benefit in the particular case must be shown, in order to justify the harm which may be done in the case of other sales.

The order should be reversed, with $10 costs, and printing disbursements, and the motion for a re-sale denied, with $10 costs.

Present—LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed, with $10 costs, and disbursements, and motion for re-sale denied, with $10 costs.